**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**GERGANA NOZHAROVA**                    **CASE NO.  3:22-CV-03767**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**SINDLE TRUCKING L.L.C. ET AL.**        **MAG. JUDGE KAYLA D. MCCLUSKY**

<u>**REPORT AND RECOMMENDATION**</u>

On December 21, 2022, the Court issued a show cause order indicating that it would recommend remand of this case to state court for lack of subject matter jurisdiction, absent good cause shown within 14 days of the order.  [doc. #31].  No party filed a response.  Accordingly, it is RECOMMENDED that the case be REMANDED to the Sixth Judicial District Court, Madison Parish, State of Louisiana.   It is further ORDERED that the pending motion to consolidate [doc. #29], is DENIED AS MOOT.

<u>**Background**</u>

On August 9, 2022, Plaintiff Gergana Nozharova, individually and on behalf of Aleksandar Nozharov ("Plaintiff"), filed the instant action in state court.  [doc. #1].   The suit arises from an automobile accident that occurred on November 14, 2021, between Khetang Gussaidi and Ronnie Wayne Davis, an employee of Sindle Trucking, LLC ("Sindle").  *Id.*  Plaintiff brings wrongful death and survival actions as well as negligence claims against Defendants Davis; Sindle; and Progressive Southeastern Insurance Company ("Progressive"), in its capacity as liability insurer for Gussaidi.  [doc. #24].

On August 24, 2022, Defendants Davis and Sindle removed this action to federal court, asserting diversity subject matter jurisdiction pursuant to Title 28, United States Code, Section 1332.  [doc. #1].

On November 8, 2022, Progressive filed a partial motion to dismiss for failure to state a claim upon which relief can be granted.  [doc. #17].  Therein, Progressive argued that Plaintiff did not request relief against Gussaidi, the driver of the van in which Plaintiff's son was a passenger and whom Progressive insured, and, therefore, failed to state a claim under the Louisiana Direct Action statute.  *Id.*  On November 29, 2022, Plaintiff amended their complaint to allege potential negligence by Gussaidi.  [doc. #24].  Subsequently, Progressive conceded that their motion to dismiss is moot.  [doc. #27].

On December 6, 2022, Plaintiff filed an unopposed motion to consolidate the instant case with a related action, *Gussaidi v. Sindle Trucking LLC*, No. 3:22-cv-1383.  [doc. #29].

On December 21, 2022, the Court issued the aforementioned show cause order.  [doc. #31].  No party filed a response.

## <u>Analysis</u>

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter.  *See Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–431 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by

the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Miss. River Transmission, LLC v. Nadel & Gussman*, 844 F.3d 495, 497 (5th Cir. 2016) (internal citation and quotations omitted).

Plaintiff invoked this court's subject matter jurisdiction exclusively via the diversity statute, which contemplates complete diversity of citizenship between the parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).

Having reviewed the record, the Court observes that Plaintiff is a citizen of Florida. [doc. #1, ¶ 8].   Plaintiff has sued Progressive, both as the liability insurer and the uninsured/underinsured carrier for Gussaidi.  [doc. #24].  Gussaidi is not named as a defendant in this case, but prior to his death in the subject traffic accident, he was a citizen of Florida.  *See* Notice of Removal [doc. #1, p. 2], *Gussaidi v. Sindle Trucking LLC*, No. 3:22-cv-1383.  Under these circumstances, not only is Progressive deemed a citizen of the states where it was incorporated and where it has its principal place of business, i.e. Indiana and Ohio, but also the state of its un-joined insured, Gussaidi, i.e. Florida.  *See* 28 U.S.C. § 1332(c)(1); *O.M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509, 510 (5th Cir. 1975) ("[I]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be a citizen of the State of which the insured is a citizen . . . .").

Therefore, both Plaintiff and Defendant Progressive share Florida citizenship for purposes of jurisdiction. Consequently, the parties are not completely diverse, and the Court may not exercise diversity jurisdiction. *See Marcotte v. State Farm Mut. Ins. Co.*, No. 96-359, 1996 WL 169228, at *2 (E.D. La. Apr. 10, 1996) (remand appropriate where parties lacked complete diversity when insurer was deemed to be a citizen of the state of its insured).

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the above-captioned case be **REMANDED** to the Sixth Judicial District Court, Madison Parish, State of Louisiana. The pending motion to dismiss, [doc. #17], will be carried with the case.

**IT IS FURTHER ORDERED** that the pending motion to consolidate [doc. #29], is **DENIED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS**

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 9th day of January, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE